[Civ. No. 9537.   Third Dist.   July 8, 1959.]

CALIFORNIA-WESTERN STATES LIFE INSURANCE COMPANY (a Corporation), Respondent, v. STATE BOARD OF EQUALIZATION et al., Appellants.

Edmund G. Brown and Stanley Mosk, Attorneys General, and Harold B. Haas, Deputy Attorney General, for Appellants.

Downey, Brand, Seymour & Rohwer, Harry B. Seymour and George Basye for Respondent.

SCHOTTKY, J.—The Board of Equalization of the State of California and the individual members thereof appeal from a judgment in favor of the California-Western States Life Insurance Company by which the latter recovered the sum of $15,718.42, representing taxes paid under protest.

By the terms of article XIII, section 14 4/5, of the California Constitution an annual tax is imposed on each insurer doing business in this state. In the case of an insurer who does not transact title insurance business in California the basis of the annual tax is the amount of gross premiums less return premiums received by the insurer on its business done, other than premiums received for reinsurance and ocean marine insurance.

Subsection (e) of section 14 4/5 provides:

"Each insurer shall have the right to deduct from the annual tax imposed by this section upon such insurer in respect to a particular year the amount of real estate taxes paid by it, in that year, before, or within 30 days after, becoming delinquent, on real property owned by it at the time of payment, and in which was located, in that year, its home office or principal office in this State. . . ."

On December 1, 1952, the insurance company moved its home office from its building located at the corner of 10th and J Streets, in Sacramento, to a new building located at 21st and L Streets, in Sacramento. In its 1953 return (based on the 1952 premiums) the insurance company claimed as a deduction the real estate taxes paid on its old home office. In its 1954 return the insurance company claimed the taxes paid for the 1952-53 real estate tax year on its new home office on January 5, 1953, in the amount of $15,718.42, and the first installment of the 1953-54 real estate taxes paid in November, 1953, in the amount of $27,712.18. The State Board of Equalization

in 1955 decided that the company improperly deducted the $15,718.42 because according to the board this resulted in the company taking deductions of real estate taxes for the real estate tax year 1952-53 on both the old and new home offices. Accordingly, the sum of $15,718.42 was added to the 1955 assessment and this amount was paid under protest. The insurance company then brought this suit to recover the amount additionally assessed and paid under protest and recovered judgment in the superior court. The board has appealed.

The question presented is whether or not an insurance company which moved its principal office in December, 1952, may deduct real estate taxes for the year 1952-53, which were paid against its old property, in its 1953 return and taxes paid on the new home office for the year 1952-53 in its 1954 return.

The first installment of real estate taxes becomes delinquent on December 10th at 5 p. m. (Rev. & Tax. Code, § 2617.) The payment on January 5, 1953, therefore was within 30 days of the time the taxes became delinquent. The Constitution states that the "insurer shall have the right to deduct from the annual tax imposed by this section . . . the amount of real estate taxes paid by it, in that year, before, or within 30 days after, becoming delinquent, on real property owned by it at the time of payment, and in which was located, in that year, its home office or principal office in this State."

In the calendar year 1953 the insurance company paid the taxes on the new home office within 30 days of becoming delinquent for the real estate year 1952-53 and paid the real estate taxes on the new home office for the year 1953-54.

According to the literal wording of the Constitution (art. XIII, § 14 4/5) respondent insurance company had the right to deduct real estate taxes on its new home office paid within 30 days of becoming delinquent and the trial court so held. Appellant board contends that this allowed respondent insurance company to deduct real estate taxes on two principal offices in the same real estate tax year, which appellant board contends violates the Constitution.

It is the board's contention that the provision in the Constitution was meant to apply to a single principal office and that since the provision is silent as to the situation where there is more than one principal office during a year interpretation is required.

■ We believe that the trial court in its memorandum opinion correctly determined the issue involved in the instant case, and we quote therefrom as follows:

"According to the literal wording of the Constitution (art. XIII, § 14-4/5) an insurance company is entitled to each of those deductions. However, the State takes the position the company may take one such deduction but not both in any one year, that the Constitution never contemplated that a company might obtain two deductions in the same year merely because of the removal of its home office location.

"Some support for this position may seem to exist in the fact that the Constitution particularly takes care of the situation where a consolidation or merger takes place as a consequence of which the company otherwise might claim there is more than one home office; and it prevents any double deduction in that situation by requiring the company to 'designate' one home office. From this it might be argued with some justification that it was the purpose and design of the law to limit each company to one deduction. On the other hand, the fact that that contingency has been provided against may on the well established principle of exclusion be considered as the only instance in which two deductions are prohibited.

"The history of the constitutional provision is set forth in the Attorney General's brief, but we find that history at best equivocal as far as it concerns the issue here. While that history explains the reasons for the 1942 changes and the overall purpose to be achieved, it is difficult to see in what way it sheds any light upon our problem.

"To be noted is the fact that this is not an exemption that is being claimed, but a right to a deduction from the annual tax as an offset, which tax is by subdivision (f) of Section 14-4/5 labeled an 'in lieu tax.' This is important because it means, as counsel have pointed out, that it is not a case of construing an exemption strictly against the taxpayer, but rather the determination of a tax which is *in invitum*, and the law must be construed strictly in accord with the governing statute against the taxing power unless the language clearly authorizes the imposition.

"The difficulty with defendant's position, as we see it, is that the right to deduct is squarely given by subdivision (e) of Section 14-4/5; that there is no express language nor does there seem to be any necessarily implied limitation to one such deduction in any taxable year; that all that is required is that

the tax to be deducted be upon real estate owned by the company 'in that year,' on which real estate is located 'its home office or principal office in this State'; all of which is to be determined as of 'the time of payment.'

"It might have been more logical and more consistent had the Constitution provided for such a contingency as here occurred; and it might have been more logical to squarely limit each company to deduction for only one home office in any one year. However, the fact is that the taxing provision did not do so, and it is not for the courts to readjust the plain language of the law. In a proper case it is of course conceded that courts will so construe taxing statutes as to prevent evasion and abuse, but there is no suggestion here that the change of the home office was not a bona fide one. Interpretation or construction of statutory language will not be indulged merely to make the tax law more logical or symmetrical. Unless we are permitted to read into the Constitution something that is not clearly expressed therein, the taxpayer is entitled to recover in this action. We have been able to find no necessary implication of such a restriction. It is believed the plain language here governs and no construction is necessary or permissible."

We agree with this analysis. We are here considering a constitutional amendment that was submitted to the people and approved by them. The language of the constitutional amendment is clear and states explicitly that an insurance company may "deduct from the annual tax imposed by this section upon such insurer in respect to a particular year the amount of real estate taxes paid by it, in that year, before, or within 30 days after, becoming delinquent, on real property owned by it at the time of payment, and in which was located, in that year, its home office or principal office in this State." Unless we are permitted to read into the Constitution something other than what is clearly expressed therein the judgment in favor of respondent must be affirmed.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J., pro tem.,* concurred.

A petition for a rehearing was denied July 29, 1959, and appellants' petition for a hearing by the Supreme Court was denied August 31, 1959. Peters, J., was of the opinion that the petition should be granted.

---

*Assigned by Chairman of Judicial Council.